IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-0086-CV-W-ODS |
| | ) |
| REMINGTON ARMS COMPANY, | ) |
| LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER SETTING DEADLINE FOR FILING OF JOINT PROPOSED
SCHEDULING ORDER AND FOR RULE 26(f) CONFERENCE**

Appended to this order is the "Tenets of Professional Courtesy" adopted by the Kansas City Metropolitan Bar Association. COUNSEL SHOULD BE AWARE THAT THE COURT EXPECTS ADHERENCE TO THE TENETS BY ATTORNEYS APPEARING IN THIS DIVISION. FURTHER, THE COURT BELIEVES IT TO BE IN THE INTEREST OF ALL CONCERNED FOR PARTIES TO BE AWARE OF THE COURT'S EXPECTATION. TO THAT END, COUNSEL SHALL FORWARD A COPY OF THE TENETS TO ALL CLIENTS INVOLVED IN THIS ACTION.

A joint proposed scheduling order/discovery plan ("Proposed Plan") shall be filed on or before June 25, 2013. The Proposed Plan shall comply with Local Rules 16.1(d), 16.1(f), 26.1(c) and 26.1(d). The Proposed Plan shall also state whether the case will be tried to the Court or to a jury and the anticipated length of the trial. See Local Rule 16.1(f)(5). In accordance with Local Rule 16.1(d), plaintiff's counsel shall take the lead in preparing the Proposed Plan.

The Rule 26(f) conference shall take place on or before June 11, 2013. Counsel are reminded that FRCP 26(a)(1) disclosures must be completed within fourteen (14) days after the Rule 26(f) conference. During the Rule 26(f) conference, the parties shall discuss the nature and bases of their claims and defenses and shall discuss the possibilities for a prompt

settlement of the case.  Discovery may not commence before the conference is held except under the conditions set forth in FRCP 26(d).

If the parties have not already done so, by April 17, 2013, each non-governmental corporate party (including LLC's and other entities) must file a statement identifying all parent companies, subsidiaries (except wholly owned subsidiaries) and affiliates that have issued shares to the public.  If a non-governmental corporate party has no parent companies, subsidiaries, or affiliates, counsel shall file a statement to that effect.  See Local Rule 3.1

If this case has been removed from state court, and if a jury trial has not already been specifically requested on the face of the Complaint or in a separate filing, pursuant to FRCP Rule 81(c) the parties shall have twenty (20) days from the date of this Order to file a jury demand.  Failure to file a jury demand shall constitute a waiver of the right to a trial by jury. See Bruns v. Amana, 131 F.3d 761 (8th Cir. 1997).

Generally, no courtesy copies of any filings need be delivered to Chambers.  Courtesy copies are only required if requested by the Court.

When discovery commences in this case:

1. The number and form of interrogatories and the number of depositions are governed by FRCP 30(a)(2)(A) and 33(a).

2. The time permitted for depositions is governed by FRCP 30(d)(2).

3. The procedure for resolving discovery disputes is governed by Local Rule 37.1.

4. The form of answers to certain discovery requests and the disclosures required by FRCP 26 are provided in Local Rule 26.2.

5. The filing of motions does not postpone discovery.  See Local Rule 26.1(b).

IT IS SO ORDERED.

       /s/ *Ortrie D. Smith*
       ORTRIE D. SMITH, SENIOR JUDGE
       UNITED STATES DISTRICT COURT

DATE: April 2, 2013

# TENETS OF PROFESSIONAL COURTESY

## I
A LAWYER SHOULD NEVER KNOWINGLY DECEIVE ANOTHER LAWYER.

## II
A LAWYER SHOULD HONOR PROMISES OR COMMITMENTS MADE TO ANOTHER LAWYER.

## III
A LAWYER SHOULD MAKE ALL REASONABLE EFFORTS TO SCHEDULE MATTERS WITH OPPOSING COUNSEL BY AGREEMENT.

## IV
A LAWYER SHOULD MAINTAIN A CORDIAL AND RESPECTFUL RELATIONSHIP WITH OPPOSING COUNSEL.

## V
A LAWYER SHOULD SEEK SANCTIONS AGAINST OPPOSING COUNSEL ONLY WHERE REQUIRED FOR THE PROTECTION OF THE CLIENT AND NOT FOR MERE TACTICAL ADVANTAGE.

## VI
A LAWYER SHOULD NOT MAKE UNFOUNDED ACCUSATIONS OF UNETHICAL CONDUCT ABOUT OPPOSING COUNSEL.

## VII
A LAWYER SHOULD NEVER INTENTIONALLY EMBARRASS ANOTHER LAWYER AND SHOULD AVOID PERSONAL CRITICISM OF ANOTHER LAWYER.

## VIII
A LAWYER SHOULD ALWAYS BE PUNCTUAL.

## IX
A LAWYER SHOULD SEEK INFORMAL AGREEMENT ON PROCEDURAL AND PRELIMINARY MATTERS.