# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

IAN POLLARD, on behalf of himself )
and all others similarly situated, )
                                               )
      Plaintiffs, )
                                               )
v. )      Case No. 4:13-cv-00086-ODS
                                               )
REMINGTON ARMS COMPANY, LLC, et al. )
                                              )
      Defendants. )
_____ )

## REPLY SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................ 1

II. ARGUMENT .................................................................................................................. 2

    A. Plaintiff's Strict Liability Claim (Count II) and Negligence Claim (Count III) Are Barred by the Economic-Loss Doctrine, Which Does Not Depend on the Alleged Dangerousness of the Purported Defect. .................................................. 2

    B. Plaintiff Fails to Allege Fraud with the Requisite Specificity for the MMPA Claim (Count I) and the Common-Law Fraud Claim (Count VII). ........................ 3

        *1. Rule 9(b) Applies to Plaintiff's MMPA Claim and Common-Law Fraud Claim.* ................................................................................................ 3

        *2. Plaintiff Fails to Allege Fraud Underlying the MMPA and Common-Law Fraud Claims with the Requisite Particularity Under Rule 9(b).* ................ 4

    C. Plaintiff's Warranty Claims (Counts IV, V, and VI) Fail. ...................................... 7

        *1. Plaintiff's Warranty Claims Are Barred by the Statute of Limitations.* ....... 7

        *2. Plaintiff's Claim for Breach of Express Warranty Is Also Insufficiently Pled.* ................................................................................................. 9

        *3. Plaintiff's MMWA Claim Fails Because His State-Law Breach of Warranty Claims Fail.* ................................................................... 10

    D. The Existence of an Express Warranty Precludes Plaintiff's Unjust Enrichment Claim (Count VIII). ............................................................................................. 11

    E. Plaintiff Has Failed to Plead a Claim for Declaratory Relief (Count IX). ............. 12

III. CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................................6

*Bennett v. Berg*,
　685 F.2d 1053 (8th Cir. 1982) .................................................................................................4

*Byrd v. BJC Health Sys.*,
　No. 4:11CV1571 HEA, 2013 WL 1581420 (E.D. Mo. Apr. 12, 2013) ..................................12

*Crowder v. Vandendeale*,
　564 S.W.2d 879 (Mo. 1978) ....................................................................................................2

*DePeralta v. Dlorah, Inc.*,
　No. 11-1102-CV-SJ-ODS, 2012 WL 4092191 (W.D. Mo. Sept. 17, 2012) ............................5

*Efting v. Tokai Corp.*,
　75 F. Supp. 2d 1006 (W.D. Mo. 1999) ....................................................................................2

*Gannon v. Joint Venture Ltd. v. Masonite Corp.*,
　No. 4:07CV1242, 2008 WL 2074108 (E.D. Mo. May 14, 2008) ............................................6

*Garrett v. Cassity*,
　No. 4:09-cv-01252, 2011 WL 3235633 (E.D. Mo. Jul. 28, 2011) .........................................11

*Gilliam v. Gohn*,
　303 S.W.2d 101 (Mo. 1957) ....................................................................................................8

*Glueck Realty Co. v. City of St. Louis*,
　318 S.W.2d 206 (Mo. 1958) ..................................................................................................12

*Govreau v. Albers*,
　No. 2:10-CV-04135-NKL, 2010 WL 4817143 (W.D. Mo. 2010) ...........................................3

*Harris v. State Bank & Trust Co. of Wellston*,
　484 S.W.2d 177 (Mo. 1972) ..................................................................................................12

*Hess v. Chase Manhattan Bank, USA, N.A.*,
　220 S.W.3d 758 (Mo. 2007) ....................................................................................................6

*Hope v. Nissan N. Am., Inc.*,
　353 S.W.3d 68 (Mo. Ct. App. 2011) ......................................................................................10

*Howard v. Turnbull*,
 316 S.W.3d 431 (Mo. Ct. App. 2010)..................................................................................11

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*,
 687 F. Supp. 2d 897 (W.D. Mo. 2009) ...................................................................................5

*Johnson v. Berry*,
 171 F. Supp. 2d 985 (E.D. Mo. 2001)....................................................................................9

*Khaliki v. Helzberg Diamond Shops, Inc.*,
 No. 4:11-CV-00010-NKL, 2011 WL 1326660 (W.D. Mo. Apr. 6, 2011) ..............................3

*Landmark Am. Ins. Co. v. PACCAR Inc.*,
 140 S.W.3d 296 (Mo. Ct. App. 2004)....................................................................................2

*Lewy v. Remington Arms Co., Inc.*,
 835 F.2d 1104 (8th Cir. 1988) ...............................................................................................1

*Mays-Maune & Assocs., Inc. v. Werner Bros., Inc.*,
 139 S.W.3d 201 (Mo. Ct. App. 2004)..................................................................................12

*McCormick v. Remington Arms Co., Inc. et al.*,
 No. 12-6304, Doc. 01019052850 (10th Cir. May 13, 2013) .................................................1

*McCrary v. Truman Med. Ctr., Inc.*,
 916 S.W.2d 831 (Mo. Ct. App. 1995)....................................................................................9

*Midwest Printing, Inc. v. AM Int'l, Inc.*,
 108 F.3d 168 (8th Cir. 1997) .................................................................................................6

*Nations v. Ramsey*,
 387 S.W.2d 276 (Mo. Ct. App. 1965)..................................................................................12

*Owen v. Gen. Motors Corp.*,
 533 F.3d 913 (8th Cir. 2008) .................................................................................................8

*Owen v. Gen. Motors Corp.*,
 No. 06-4067-CV-C-NKL, 2006 WL 2808632 (W.D. Mo. Sept. 28, 2006)............................7

*Ozark Purchasing LLC v. Falcon Steering Sys., Inc.*,
 No. 12-3415-CV-S-ODS, 2013 WL 708950 (W.D. Mo. Feb. 26, 2013) .............................11

*Polk Cnty. Bank v. Spitz*,
 690 S.W.2d 192 (Mo. Ct. App. 1985)..................................................................................12

*Schaller Tel. Co. v. Golden Sky Sys. Inc.*,
 298 F.3d 736 (8th Cir. 2002) .................................................................................................4

*Schierding v. Mo. Dental Bd.*,
    705 S.W.2d 484 (Mo. Ct. App. 1985)..................................................................................12

*Sharp Brothers Contracting Co. v. American Hoist & Derrick Co.*,
    703 S.W.2d 901 (Mo. 1986) ..................................................................................................2

*Stephens v. Arctic Cat Inc.*,
    No. 4:09CV02131 AGF, 2012 WL 628867 (E.D. Mo. 2008) ...................................................3

*Toben v. Bridgestone Retail Operations LLC*,
    No. 4:11-CV-1834, 2012 WL 3548055 (E.D. Mo. Aug. 16, 2012)..........................................3

*Ullrich v. CADCO, Inc.*,
    244 S.W.3d 772 (Mo. Ct. App. 2008)......................................................................................3

**STATUTES**

15 U.S.C. §§ 2303(a) ...............................................................................................................10

Mo. Rev. Stat. § 400.2-725 ........................................................................................................7

Mo. Rev. Stat. § 516.100 ............................................................................................................8

Mo. Rev. Stat. § 516.120 ............................................................................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ................................................................................................................3, 4

## I. INTRODUCTION

Plaintiff's twenty-five page opposition to Defendants' motion to dismiss ("Plaintiff's Opposition") centers on discredited legal rules, inapplicable statutes, and irrelevant litigation[1] in an attempt to shift the focus from his own failure to allege any cognizable claims. Plaintiff's smokescreen is underscored by his disingenuous contention that it is "patently false and misleading" for Defendants to characterize his Model 700 economic-loss class-action complaint as being similar to previously filed (and dismissed) Model 700 economic-loss class-action complaints in other federal district courts. Opp. at 2. But the truth is clear: those previously rejected Model 700 putative class actions involve the same material circumstances pleaded here and should likewise fail. Indeed, this week Plaintiff's counsel of record here filed an appellate brief in one of those earlier cases that, in its statement of facts, recites ***verbatim*** from the introductory paragraphs in Plaintiff's Opposition in this case. *Compare* Opp. at 1, 4–5 *with McCormick v. Remington Arms Co., Inc. et al.*, No. 12-6304, Doc. 01019052850, at 3–6 (10th Cir. May 13, 2013) (attached as Ex. A). The Court should ignore these ill-conceived distractions. The fact remains that Plaintiff never articulates how the specific conduct of any particular Defendant impacted his individual decision to purchase his Model 700 rifle. Nor does he explain why his claims should proceed given that Remington has already replaced the allegedly defective Walker fire control in his rifle with what he describes as the "safe" X-Mark Pro fire control. The Court should reject Plaintiff's attempt to detract attention from the real issues and dismiss his Complaint in its entirety.

---

[1] For example, Plaintiff repeatedly refers to *Lewy v. Remington Arms Co., Inc.*, 835 F.2d 1104 (8th Cir. 1988), which did not involve the claims asserted in this case, address Plaintiff's obligation to plead reliance, or support Plaintiff's contention as to why his warranty claims are not barred by the statute of limitations. Instead, Plaintiff mischaracterizes "admissions" in that case to detract from the weakness of this case. Opp. at 5 n.3.

1

## II. ARGUMENT

### A. Plaintiff's Strict Liability Claim (Count II) and Negligence Claim (Count III) Are Barred by the Economic-Loss Doctrine, Which Does Not Depend on the Alleged Dangerousness of the Purported Defect.

Citing *Crowder v. Vandendeale*, 564 S.W.2d 879 (Mo. 1978) and its progeny, Plaintiff argues that Missouri permits recovery in tort for purely economic losses so long as the product "was rendered useless by some violent occurrence" or "was imminently dangerous when sold." Opp. at 6–7. These propositions, however, have since been explicitly rejected by the Missouri Supreme Court. In *Sharp Brothers Contracting Co. v. American Hoist & Derrick Co.*, 703 S.W.2d 901, 904 (Mo. 1986), the court held that the economic-loss doctrine bars recovery when the only damage is to the product sold, regardless whether the damage results from a violent occurrence or whether the product is dangerously defective. *Id.* at 903. In so holding, the court stated that contrary dicta in *Crowder* should no longer be followed. *Id.* Plaintiff cites that exact dicta from *Crowder* to support his proposition that the economic-loss doctrine does not bar his claims for strict liability and negligence. *See* Opp. at 6–7. But this is not the law in Missouri: *Sharp Brothers* clearly holds that the economic-loss doctrine bars recovery in tort irrespective of the product's alleged dangerousness. *See Landmark Am. Ins. Co. v. PACCAR Inc.*, 140 S.W.3d 296, 297 (Mo. Ct. App. 2004) (declining to "create a previously unrecognized exception to the economic loss doctrine where a plaintiff alleges the product at issue is inherently dangerous").[2]

---

[2] As explained in Defendants' Suggestions in Support of Their Motion to Dismiss, Plaintiff's negligence claim additionally fails to the extent it is premised on a duty to recall. Plaintiff's Opposition attempts to recast his duty-to-recall claim in terms of the duty of care. Opp. at 19. This is a distinction without a difference. No matter how he finesses this claim, it fails to the extent it relies on a duty to recall. *Efting v. Tokai Corp.*, 75 F. Supp. 2d 1006 (W.D. Mo. 1999) (explaining that no duty to recall or retrofit a product exists in Missouri).

### B. Plaintiff Fails to Allege Fraud with the Requisite Specificity for the MMPA Claim (Count I) and the Common-Law Fraud Claim (Count VII).

Plaintiff's MMPA and common-law fraud claims are not pled with the particularity required under Rule 9(b). Apart from a fleeting suggestion that Rule 9(b) might not apply to his MMPA claim, Plaintiff addresses these two counts together and asserts that the section of his Complaint titled "Common Factual Allegations" sufficiently supports them. Opp. at 8–12. Plaintiff's arguments are unavailing. The MMPA claim is subject to Rule 9(b)'s heightened pleading standard in the same manner as his common-law fraud claim, and the Complaint's general allegations are insufficient to meet Rule 9(b)'s requirements with respect to either claim.

#### 1. Rule 9(b) Applies to Plaintiff's MMPA Claim and Common-Law Fraud Claim.

Contrary to Plaintiff's suggestions, Rule 9(b) applies to his MMPA claim. Indeed, the state-court case upon which Plaintiff relies "has no relevance to the question of whether Rule 9(b) of the Federal Rules of Civil Procedure applies, or what level of particularity Rule 9(b) demands." *Khaliki v. Helzberg Diamond Shops, Inc.*, No. 4:11-CV-00010-NKL, 2011 WL 1326660 (W.D. Mo. Apr. 6, 2011) (discussing *Ullrich v. CADCO, Inc.*, 244 S.W.3d 772 (Mo. Ct. App. 2008)). In short, "Rule 9(b)'s particularity requirements apply with equal force to state consumer fraud statutes as they do to common law fraud claims," *id.*, and Plaintiff fails to point to any federal case law that suggests a contrary approach.[3]

---

[3] Indeed, the federal cases Plaintiff cites apply Rule 9(b) to MMPA claims and describe more detailed allegations than those in Plaintiff's Complaint. *See, e.g.*, *Stephens v. Arctic Cat Inc.*, No. 4:09CV02131 AGF, 2012 WL 628867, at *1–3 (E.D. Mo. 2008) (explaining that plaintiff had identified specific names of individuals to whom he had talked, when he talked to those individuals, and the content of the conversations); *Govreau v. Albers*, No. 2:10-CV-04135-NKL, 2010 WL 4817143, at *1–2 (W.D. Mo. 2010) (explaining that plaintiff described the content of conversations and identified specific individuals who had made statements directly to the plaintiff); *Toben v. Bridgestone Retail Operations LLC*, No. 4:11-CV-1834, 2012 WL 3548055,

3

907675
Case 4:13-cv-00086-ODS   Document 39   Filed 05/16/13   Page 8 of 19

### 2. *Plaintiff Fails to Allege Fraud Underlying the MMPA and Common-Law Fraud Claims with the Requisite Particularity Under Rule 9(b).*

Plaintiff concedes that Rule 9(b) requires him to plead (1) precisely what representations were made; (2) the time and place of each representation and who made it; (3) the content of the representation and the manner in which it misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud. Opp. at 9 (citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002)). Plaintiff's Opposition, however, fails to demonstrate how his Complaint pleads these circumstances.

At the outset, Plaintiff's allegations concerning all Defendants do not satisfy his obligation under Rule 9(b) to identify precisely which entity represented information to him. Plaintiff argues that he properly lumped together all Defendants as allegedly engaging in the exact same conduct because their liability is supposedly "so intertwined" that "they are essentially one entity with regard to the allegations." Opp. at 12. This argument confuses the concept of common or vicarious liability with pleading requirements. Allegations of common or vicarious liability do not obviate the need for Plaintiff to plead which Defendant engaged in what alleged misrepresentation. *See Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982) (explaining that the many allegations "utterly fail[ed]" to meet Rule 9(b) requirements because the complaint did not attribute the false statements to specific defendants and instead just alleged statements made by other defendants), *remanded to* 1984 WL 2756, at *10 (W.D. Mo. June 21, 1984) (striking as insufficient references to "many of the defendants," "and other defendants," "together with others associated with them," and "various of the defendants" because those statements did not meet Rule 9(b)'s requirements).

---

at *2 (E.D. Mo. Aug. 16, 2012) (explaining that the plaintiff had identified the exact statement, who made the statement, to whom it was made, and where it was made).

4

The examples Plaintiff provides are likewise deficient under Rule 9(b) because he never alleges that he saw, heard or was otherwise aware of these alleged representations. *See DePeralta v. Dlorah, Inc.*, No. 11-1102-CV-SJ-ODS, 2012 WL 4092191, at *8 (W.D. Mo. Sept. 17, 2012) (noting that representations must have a connection or "relationship in fact" with the sale to support an MMPA claim); *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 687 F. Supp. 2d 897, 904 (W.D. Mo. 2009) (discussing the elements of common-law fraud claims and stating that "[f]or a statement to be relied upon and cause a purchaser's injury, the statement must have been heard by the purchaser.").

First, Plaintiff fails to explain how statements in "internal company memos" and "internal Remington documents" were made in connection with his purchase or that he relied on such "internal" statements when making his purchase. Opp. at 10–11 & n.7. Plaintiff's contentions that Defendants made false statements to him and to the public regarding the rifles being fully warranted against, or free from, defects is similarly insufficient because the Complaint never alleges that statements were made to Plaintiff or that he heard or saw them.[4] Opp. at 10–11, 13; Compl. at ¶¶ 3, 54, 122, 142. Likewise, statements made as part of a 2010 television special occurred ten years *after* Plaintiff purchased his rifle and thus could not possibly form the basis of his MMPA and common-law fraud claims. Opp. at 10; Compl. at ¶¶ 54–55. Similarly, Plaintiff has not alleged that purported statements made to some unspecified consumers about an inability to duplicate the alleged defect had any connection with Plaintiff's purchase. Opp. at 11; Compl. at ¶¶ 48–49. Lastly, Plaintiff has failed to allege that he heard or was aware of testimony of a

---

[4] Moreover, Paragraph 142 of the Complaint is not incorporated by reference into Plaintiff's fraud counts because the fraud counts preceded that allegation.

5

907675

former Remington employee who testified in a separate case regarding his opinion.[5] Opp. at 10; Compl. at ¶ 42. Plaintiff merely makes conclusory statements of reliance and of connection with his purchase, but he cannot avoid dismissal with "mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To the extent Plaintiff seeks recovery based on fraudulent concealment, he fails to allege that the concealed information was unavailable and not discoverable through reasonable diligence.[6] *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 766 (Mo. 2007). Nor could he make such allegations: Plaintiff's Complaint alleges that information about the purported defect was available in the public domain for over forty years. Compl. at ¶ 33 (alleging Consumer Reports published an article in 1968 regarding the very same accidental discharges Plaintiff complains of here).

Plaintiff's sole argument on this point is that allegations of a defendant's concealment necessarily equate to allegations that the Plaintiff was unable to discover the information. *See* Opp. at 13 ("Defendants' History of Concealing the Defects in the Rifles Adequately Alleges Plaintiff's Inability to Discover the Fraud."). Plaintiff cites no authority for this proposition, nor could he.[7] Missouri courts make clear that a plaintiff must allege concealment, *as well as* the unavailability of the concealed information and an inability to discover the concealed information through reasonable diligence. *See Hess*, 220 S.W.3d at 766; *see also Gannon v. Joint Venture Ltd. v. Masonite Corp.*, No. 4:07CV1242, 2008 WL 2074108, at *4 (E.D. Mo.

---

[5] In any event, opinions are not actionable representations for fraud under Missouri law. *Midwest Printing, Inc. v. AM Int'l, Inc.*, 108 F.3d 168, 170 (8th Cir. 1997).

[6] This failure to plead a required element is insufficient under either Rule 8(a) or Rule 9(b).

[7] Plaintiff quotes a portion of *Hess* stating that the issue of whether an investigation is reasonable is a jury question. *See* Opp. at 13 (quoting *Hess*, 220 S.W.3d at 766). This statement from *Hess* does not save Plaintiff's claim. Plaintiff has not alleged facts showing any investigation or diligence on his part, and thus his Complaint raises no jury question as to reasonableness.

6

May 14, 2008) (dismissing the plaintiffs' fraud claim because they had not properly alleged that "the undisclosed and concealed information was neither available to [them], nor discoverable with reasonable diligence").[8]

### C. Plaintiff's Warranty Claims (Counts IV, V, and VI) Fail.

#### 1. *Plaintiff's Warranty Claims Are Barred by the Statute of Limitations.*

Plaintiff attempts to bypass dismissal of his untimely warranty claims by incorrectly arguing that the statute of limitations for breach of warranty claims: (1) is five years under Mo. Rev. Stat. § 516.120; (2) begins to run on the date his rifle accidentally discharged; and (3) is subject to equitable tolling. Plaintiff is mistaken.

First, these claims are governed by Mo. Rev. Stat. § 400.2-725's four-year statute of limitations. *See Owen v. Gen. Motors Corp.*, No. 06-4067-CV-C-NKL, 2006 WL 2808632, at *4 (W.D. Mo. Sept. 28, 2006). The cause of action accrued and the limitations period began to run on Plaintiff's implied warranty claim when he purchased his rifle in 2000, *see* Mo. Rev. Stat. § 400.2-725;[9] *Owen*, 2006 WL 2808632, at *4, and it therefore expired in 2004. Plaintiff's express warranty claim is similarly time-barred. Because the rifle was sold with a two-year warranty, the statute of limitations began to run at the latest in 2002 and thus expired in 2006. (*See* Sugg. Supp. Mot. Dismiss at 9–10.)

---

[8] Likewise, Plaintiff's allegations of fraudulent concealment are insufficient for his MMPA claim because he fails to allege facts to explain in what way Defendants conduct involved concealment of material facts in connection with his purchase, to show how the purportedly deceptive conduct harmed him, or to identify the cost to him of that deception. *See Khaliki*, 2011 WL 1326660, at *3 (noting that a plaintiff must do more than merely identify concealment or nondisclosure).

[9] Section 400.2-725(2) provides in relevant part: "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered."

7

Plaintiff's argument that the statute of limitations began to run only upon the 2010 accidental discharge because that was when "the last item of damages occur[red]," Opp. at 18, is premised on a statutory provision regarding accrual that does not apply to warranty claims under § 400.2-725(2). *See* Mo. Rev. Stat. § 516.100 (limiting the provision's applicability to sections 516.100–.370); *id.* § 400.2-725(2) (explaining accrual of warranty claims). Moreover, Plaintiff's Complaint seeks economic damages based on *purchases* of Model 700 rifles, not damages as a result of accidental discharges. S*ee* Compl. at ¶ 84 ("Plaintiff and members of the Class have been injured and suffered ascertainable loss of money and damages in that they have *purchased* firearms with the defective trigger . . . ."); ¶ 107 ("Plaintiff and the Class have suffered actual damages in that they *purchased* a product that is defective and that has the propensity to fire without a trigger pull.") (emphasis added). His argument is therefore misplaced.

Nor does equitable tolling or estoppel apply in this case. To equitably toll a statute of limitations with allegations of fraud, a plaintiff must plead facts showing that the concealed information could not have been discovered with reasonable diligence. *See Owen v. Gen. Motors Corp.*, 533 F.3d 913, 919–20 (8th Cir. 2008) (citing Mo. Rev. Stat. § 516.280); *see also Gilliam v. Gohn*, 303 S.W.2d 101, 107 (Mo. 1957) (explaining that because the plaintiff had no valid cause of action for fraud, it need not consider the plaintiff's tolling argument based on the same alleged fraud). As discussed above in Part II.B.2, Plaintiff has not alleged facts showing any diligent effort.

Moreover, equitable estoppel does not apply to save Plaintiff's breach of warranty claims because Plaintiff has not made any allegations that he knew of his cause of action but delayed filing it because of Defendants' actions. As one Missouri federal court has explained:

> Equitable estoppel may toll a statute of limitations where the
> plaintiff knew of the existence of his cause of action, but the

8

907675
Case 4:13-cv-00086-ODS   Document 39   Filed 05/16/13   Page 13 of 19

> defendant's misconduct caused him to delay in bringing suit. Equitable estoppel requires "egregious wrongdoing" by a defendant [which] prevents a plaintiff from bringing suit on a claim of which the plaintiff is aware.

*Johnson v. Berry*, 171 F. Supp. 2d 985, 989 (E.D. Mo. 2001) (internal quotations omitted). In fact, the case Plaintiff cites for his proposition that equitable estoppel tolls the statute of limitations demonstrates precisely why equitable estoppel does *not* toll Plaintiff's claim. *See McCrary v. Truman Med. Ctr., Inc.*, 916 S.W.2d 831, 833 (Mo. Ct. App. 1995) (explaining that although the plaintiff alleged that the defendant intentionally concealed information, she had not alleged that he "induced her to delay filing her lawsuit," which is required for equitable estoppel). Here, Plaintiff has not alleged that Defendants induced him to delay filing his lawsuit. Thus, equitable estoppel does not save his time-barred claims.

In a final effort to avoid dismissal on statute-of-limitations grounds, Plaintiff hypothesizes that Defendants will defend this action by proving Plaintiff was at fault for the purported accidental discharges of his rifle. Opp. at 18–19. Plaintiff argues that if he is at fault, "he could have no knowledge of any alleged defect, and the cause of action could not have accrued until shortly before the filing the CAC." *Id.* at 18. These arguments are irrelevant given that the running of statute of limitations for Plaintiff's warranty claims hinges on the date of purchase and the timeframe provided by the express warranty—not Plaintiff's discovery of the alleged defect. Plaintiff's breach of warranty claims are time-barred and should be dismissed.

### 2. *Plaintiff's Claim for Breach of Express Warranty Is Also Insufficiently Pled.*

Plaintiff does not dispute that his rifle never accidentally discharged during the two-year period it was covered under the express warranty. *See* Opp. at 17–20. Nor does he claim that Defendants failed to repair or replace any defective part within the warranty period. *Id.* Plaintiff thus has no claim for breach of express warranty.

9

907675

Case 4:13-cv-00086-ODS   Document 39   Filed 05/16/13   Page 14 of 19

In a last-minute attempt to save this Count, Plaintiff now reframes his claim and argues that it is based on advertising instead of the two-year express warranty provided with his Model 700 rifle. *Id.* at 19. But Count V of the Complaint does not refer to advertisements whatsoever. *See* Compl. at ¶ 121–31. To the contrary, it purports to quote only from the two-year express warranty. *See id.* To the extent advertisements are referred to generally elsewhere in the Complaint, they are never specifically described, and Plaintiff never alleges that he read or saw them. *See Hope v. Nissan N. Am., Inc.*, 353 S.W.3d 68, 86 (Mo. Ct. App. 2011) ("Missouri law is clear that while a brochure, catalog, or advertisement may constitute part of an express warranty, that catalog, advertisement, or brochure must have *at least* been read by the party claiming the express warranty."). Thus, Plaintiff has not alleged facts demonstrating the existence or breach of any such warranty.

### 3. Plaintiff's MMWA Claim Fails Because His State-Law Breach of Warranty Claims Fail.

Plaintiff concedes that his ability to succeed on his MMWA limited-warranty claim depends on whether he has viable claims for breach of express or implied warranties under state law. *See* Opp. at 20. As explained above in Parts II.C.1 and II.C.2, Plaintiff's state-law breach of warranty claims must be dismissed. Therefore, his MMWA claim for breach of a limited warranty fails as well.

The Court should reject Plaintiff's misguided attempt to shoehorn the MMWA's standards with respect to "full" warranties onto the limited two-year express warranty provided with Plaintiff's rifle. *Id.* at 20–21. Under the MMWA, warranties that the manufacturer labels as "full" must comply with certain minimum standards, including remedying the product without charge. 15 U.S.C. §§ 2303(a); 2304(a)(1); 2304(e). Warranties that the manufacturer labels as "limited" are not subject to these requirements. *See id.* §§ 2303(a); 2304(e). Plaintiff does not

10

dispute that the two-year express warranty at issue in this case is labeled limited. *See* Sugg. Supp. Mot. Dismiss, Ex. F. Nor does his Complaint include any allegation that would support the existence of a full warranty. The Court should therefore reject Plaintiff's argument with respect to a so-called "independent" MMWA claim.

        **D.    The Existence of an Express Warranty Precludes Plaintiff's Unjust Enrichment Claim (Count VIII).**

Plaintiff argues that an express contract does not always preclude a claim for unjust enrichment, but he has wholly failed to explain why the Court should reach that conclusion in this particular case. Missouri law is clear that Plaintiff may not bring an unjust enrichment claim when he has contracted with the Defendant to receive the same thing that the Plaintiff seeks to recover as restitution. *Howard v. Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010) (dismissing an unjust enrichment claim because of the existence of a contract governing the dispute); *see also Garrett v. Cassity*, No. 4:09-cv-01252, 2011 WL 3235633, at *9 n.13 (E.D. Mo. Jul. 28, 2011). In his Opposition, Plaintiff does not dispute that an express warranty delineates the parties' obligations with respect to this dispute. Sugg. Supp. Mot. Dismiss at 13; Opp. at 22. Therefore, his unjust enrichment claim must be dismissed.

Moreover, Plaintiff's reliance on cases showing that unjust enrichment claims may be pled in the alternative in some situations is unavailing. In *Ozark Purchasing LLC v. Falcon Steering Sys., Inc.*, for example, the court allowed the plaintiffs to plead their unjust enrichment claim in the alternative because the claim presupposed that there was no contract between the parties. No. 12-3415-CV-S-ODS, 2013 WL 708950, at *5 (W.D. Mo. Feb. 26, 2013). In other words, the dispute over the existence of the contract allowed the claim for unjust enrichment to be argued in the alternative. *See id.* Here, however, there is no dispute over the existence or terms of the express warranty, and therefore, *Ozark Purchasing* does not save Plaintiff's claim.

11

The other cases Plaintiff cites to support his proposition are similarly inapposite.[10] Plaintiff's unjust enrichment claim should be dismissed.

### E. Plaintiff Has Failed to Plead a Claim for Declaratory Relief (Count IX).

Declaratory judgment "'should be used with caution. And except in exceptional circumstances plainly appearing, it is not to be used and applied where an adequate remedy already exists.'" *Harris v. State Bank & Trust Co. of Wellston*, 484 S.W.2d 177, 178 (Mo. 1972) (quoting *Nations v. Ramsey*, 387 S.W.2d 276, 279 (Mo. Ct. App. 1965)); *see also Schierding v. Mo. Dental Bd.*, 705 S.W.2d 484, 489 (Mo. Ct. App. 1985) (explaining that an action for declaratory relief "is not a general panacea for all real and imaginary legal ills, *nor is it a substitute for already existing remedies*" (emphasis added)). Without citation to any authority, Plaintiff argues that he can allege an action for declaratory judgment in the alternative, using declaratory judgment as a substitute if his other claims fail. *See* Opp. at 24–25. Plaintiff is mistaken. The question is not whether Plaintiff can succeed at recovering other adequate remedies, but rather whether an adequate remedy *exists*. Even though Plaintiff's claims fail due to insufficient pleading and untimeliness, the fact that Plaintiff could assert them mandates dismissal of his declaratory judgment claim. *See, e.g.*, *Glueck Realty Co. v. City of St. Louis*, 318 S.W.2d 206, 211 (Mo. 1958) (affirming decision to dismiss declaratory action where plaintiff could raise the issue in a condemnation proceeding); *Polk Cnty. Bank v. Spitz*, 690 S.W.2d 192, 195 (Mo. Ct. App. 1985) (noting that plaintiff had an adequate remedy because it could be pursued in a conversion suit).

---

[10] *See Byrd v. BJC Health Sys.*, No. 4:11CV1571 HEA, 2013 WL 1581420, at *1–2 (E.D. Mo. Apr. 12, 2013) (discussing whether the FLSA preempted unjust enrichment and *quantum meruit* claims, and not whether those claims may be pled in the alternative to a contract claim); *Mays-Maune & Assocs., Inc. v. Werner Bros., Inc.*, 139 S.W.3d 201, 206 (Mo. Ct. App. 2004) (discussing contract with party *other* than defendant seeking dismissal); *Garrett*, 2011 WL 3235633, at *9 n.1 (discussing contract with party *other* than defendant seeking dismissal).

12

Moreover, Plaintiff's argument that a substantial controversy exists because he will continue to suffer harm in the future is illogical. *See* Opp. at 24. Plaintiff does not dispute that Remington replaced the allegedly defective Walker fire control in his rifle and installed a new X-Mark Pro fire control, which he alleges is a "safe design." *See* Compl. at ¶ 28. His claim for declaratory relief should thus be dismissed.

## III. CONCLUSION

For the reasons set forth above and in Defendants' motion, Plaintiff's Complaint must be dismissed with prejudice.

Respectfully Submitted,

By: ___s/John Sherk_____
John Sherk, MO Bar # 35963
jsherk@shb.com
Amy Crouch, MO Bar # 48654
amcrouch@shb.com
**Shook, Hardy & Bacon, L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816.474.6550
Fax: 816.421.5547

Dale G. Wills
dwills@smbtrials.com
Andrew A. Lothson
alothson@smbtrials.com
**Swanson, Martin & Bell, LLP**
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Tel: 312.923.8266
Fax: 312.321.0990

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 16, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Timothy W. Monsees, W. Mark Lanier, Andrew S. LeRoy, Charles E. Schaffer, Christopher Ellis, Eric D. Holland, John R. Climaco, John A. Peca, Jon D. Robinson, Jordan L. Chaikin, Richard J. Arsenault, Richard Ramler, and R. Seth Crompton, Attorneys for Plaintiff, and Amy Crouch, Andrew A. Lothson, and Dale G. Wills, Attorneys for Defendants.

                By:  s/John Sherk
                   John Sherk, MO Bar # 35963
                   **Shook, Hardy & Bacon L.L.P.**
                   2555 Grand Blvd.
                   Kansas City, MO 64108
                   Telephone: 816.474.6550
                   Facsimile: 816.421.5547
                   jsherk@shb.com

                   ATTORNEY FOR DEFENDANTS