# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, on behalf of himself,<br>And all others similarly situated,<br><br>          **Plaintiffs,**<br>**v.**<br><br>REMINGTON ARMS COMPANY, LLC.,<br>SPORTING GOODS PROPERTIES, INC.<br>And E.I. DU PONT NEUMOURS AND<br>COMPANY<br>          **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  **Case No.: 4:13-cv-00086-ODS**<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT SCHEDULING AND TRIAL ORDER

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and upon consideration of the parties' views in the matter, the following schedule is hereby established:

1.    Any motion to join additional parties shall be filed on or before October 1, 2013.

2.    Any motion to amend the pleadings shall be filed on or before October 1, 2013.

3.    The plaintiff shall designate any expert witnesses he intends to call at trial on or before October 15, 2013, and the defendants shall designate any expert witnesses they intend to call at trial on or before December 15, 2013.  All experts shall be deposed by February 7, 2014.  This paragraph applies to all witnesses from whom expert opinions will be elicited, regardless of whether or not the witness was specifically retained to provide trial testimony.

4.      All discovery disputes shall be raised with the Court on or before October

March 1, 2014.

5.      The first phase of pretrial discovery authorized by the Federal Rules of Civil

Procedure shall be completed on or before February 15, 2014. This means that all

discovery shall be completed, not simply submitted, on the date specified by this paragraph.

Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior

to the date specified in this paragraph and shall allow sufficient time for completion

within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules,

and/or orders of this Court. The Court reserves the right to exercise control over the

taking of depositions.

The parties agree that once discovery commences, the schedule should be phased

in the following manner. The parties anticipate that they will need discovery on whether

class certification is appropriate under Federal Rule of Civil Procedure 23 and also on the

merits of Plaintiff's claims. The parties agree that discovery should be sequenced so that

priority is given to class discovery although without a formal distinction being drawn to

"class" and "merits" discovery. The parties acknowledge that merits discovery will be

taken during the priority phase to the extent that such merits discovery demonstrates

whether class certification is appropriate under Federal Rule of Civil Procedure 23. Once

the Court has rendered its decision on the propriety of class certification, the parties

envision that the Court would hold a status conference to determine how to proceed with

the remainder of the case, including any remaining portions of merits discovery that were

not previously addressed in the priority discovery phase.

6.     Along with each party's designation of expert witnesses, each party shall provide the other parties with an affidavit from each expert witness designated pursuant to paragraph 3 above. See FRCP 26(a)(2)(B). The affidavit shall include a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness within the preceding ten years), the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. The expert's testimony will be limited to opinions and information contained in the report and in any depositions that might be taken.

7.     Plaintiff to file motion for class certification by March 15, 2014. Defendants' response to be filed by May 1, 2014. Plaintiff's reply to be filed by June 1, 2014.

8.     A hearing on Plaintiff's Motion for Class Certification in this case will be held on July _____, 2014.

9.     Following the hearing on Plaintiff's Motion for Class Certification, the parties will confer upon the schedule for the second phase of the case. The parties anticipate that the case will be ready for a final pretrial conference by June 1, 2015, via telephone conference initiated by counsel; the Court's telephone number is (816) 512-5645 at the United States Courthouse in Kansas City, Missouri. Lead trial counsel shall participate in this conference. The agenda for this conference will include:

a.     Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

b.     Identification of legal and factual issues to be tried;

c.     Estimate length of trial;

d.     Determine trial schedule (hours of day-days of week -interruptions for other commitments, holidays, etc.);

e.     Explain voir dire procedure;

f.     Discuss the size of panel, number of strikes (three (3) each side - 28 U.S.C. § 1870) and need for additional jurors. (See Rules 47 and 48 FRCP);

g.     Remind counsel that there will be a recess while they exercise their peremptory challenges. Each side to have up to fifteen (15) minutes to make their strikes;

h.     Ask if counsel wish to have witnesses excluded;

i.     Ask if counsel wish to have anyone assist at counsel table;

j.     Ascertain need for special equipment such as projector, x-ray view box, etc. and advise counsel of availability of needed equipment;

k.     Establish order of trial if multiple parties;

l.     Discussion of any legal questions which must be resolved prior to trial;

m.     Discussion of any suggestions by counsel to simplify and expedite the trial;

n.     Disposition of pending motions; and

o.     Referral of case for mediation and settlement negotiations.

10.     This case is scheduled for a jury trial, commencing at 8:00 a.m. on July

____, 2015, at the United States Courthouse in Kansas City, Missouri.

11.     The following documents shall be filed prior to the pretrial conference:

a.     Motions in limine shall be filed at least ten (10)working days prior to the pretrial conference. Responses to motions in limine shall be filed at least three (3) working days prior to the pretrial conference.

b.     At least three (3) working days prior to the date the pretrial conference is to be held, the parties shall file a stipulation of any uncontroverted facts. If no stipulated facts can be agreed upon, including facts related to the Court's subject matter or personal jurisdiction, the parties shall file a joint statement to that effect. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under FRCP 36 and failure to stipulate may be subject to sanctions under FRCP 37(c).

c.     At least three (3) working days prior to the date the pretrial conference is to be held, the parties shall file a stipulation as to the foundation for the admissibility of evidence (specifically, identification and authenticity), when the foundation for the exhibit is not to be contested. Notwithstanding the fact that the time for discovery will have closed, a request to stipulate, if preserved in the record, will constitute a request for admission under FRCP 36 and failure to stipulate maybe subject to sanctions under FRCP 37(c).

d.     At least three (3) working days prior to the date the pretrial conference is to be held, the parties shall file a stipulation as to the admissibility of evidence when the admissibility of an exhibit is not to be contested.

e.     Pursuant to Local Rule 39.1, at least three (3) working days prior to the date the pretrial conference is to be held each party shall file and serve a list of all witnesses who maybe called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. After the time for filing lists of witnesses has expired, no supplemental or amended list will be filed without leave of Court and for good cause.

f.     Pursuant to Local Rule 39. 1, at least three (3) working days prior to the date the pretrial conference is to be held each party will file and serve a list of all exhibits which may be offered at trial, with said list being prepared on a form provided by the United States District Clerk's Office. Each exhibit will be designated as either "Plaintiffs" or "Defendant's," numbered with an Arabic numeral and described following the enumeration. If an exhibit consists of more than one (1) page or part, the number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. it is not necessary to list exhibits to be used only for impeachment or rebuttal purposes. Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed by the counsel offering the exhibit. After the time for filing lists of exhibits has expired, no supplemental or amended list of exhibits will be filed without leave of Court for good cause.

g.      Ten (10) working days before the date the pretrial conference is to be held, each party asserting an affirmative claim or claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, cross-claiming defendant, etc.) shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

h.      At least seven (7) working days prior to the date the pretrial conference is to be held, each party defending against an affirmative claim for relief shall file and serve:

   i.      Any objections to proposed deposition testimony designated by any other party; the Court will not consider objections to deposition designations unless counsel have met and conferred in a good faith effort to settle the objections;

   ii.      A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

   iii.      A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

i.      At least three (3) working days before the date of the pretrial conference, each party asserting an affirmative claim or claims for relief shall file and serve:

   i.      Any objections to proposed deposition testimony designated by any other party; the Court will not consider objections to deposition designations unless counsel have met and conferred in a good faith effort to settle the objections; and

   ii.      A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties.

12.      The following documents shall be filed prior to trial:

a.      Ten (10) working days prior to trial, the parties shall jointly submit an original (without sources) and an annotated (with sources) set of proposed jury instructions. Proposed annotated instructions shall reflect the authorities upon which the instruction is based and should be taken from or drawn in the manner of Model Civil Jury Instructions for the District of Courts of the Eighth Circuit and/or Missouri Approved Instructions (MAI) where available and appropriate. All instructions shall

be designated as "Instruction No. ." The annotated set shall also indicate which party proposed the instruction. Parties should also e-mail their original instructions to the Courtroom Deputy Clerk at eva_will-fees@mow.uscourts.gov The instructions should be typed in WordPerfect if possible.

The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction. The deadline for submitting objections and alternative proposed instructions is five (5) working days prior to the date of trial.

b.      At least five (5) working days prior to the date of trial, counsel for each party may file a trial brief stating the factual and legal contentions for the party for whom the trial brief is filed.

c.      At least ten (10) working days prior to the date of trial, counsel for each party is requested to file a list of questions or topics for voir dire examination desired to be propounded by the Court. Objections to opposing party's voir dire questions shall be filed at least five (5) working days prior to trial.

13.     The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Plaintiff estimates his portion of the trial will require 10 to 15 full days. Defendants estimate their portion of the trial will require 5 to 7 days. The parties should be prepared to support their representations as to the length of trial.

14.     In order to ensure the efficient use of time during trial, the following rules of Court will be imposed:

a.      All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court;

b.      Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

c.      Testimony will not be interrupted to deal with evidentiary matters that could have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their positions; and

d.      Witnesses who will be testifying from exhibits or about exhibits should review them immediately prior to their testimony.

15.     Defendants anticipate requesting entry of a protective order regarding documents produced by Defendants in pretrial discovery.   Plaintiff will oppose any protective order designed to conceal any of Defendants' documents which are not clearly entitled to confidential treatment as a matter of law.

Respectfully submitted,

/s/ Eric D. Holland
Eric D. Holland
R. Seth Crompton
**Holland, Groves, Schneller & Stolze, LLC.**
300 North Tucker Boulevard, Suite 801
St. Louis, MO 63101
Tel: (314) 241-8111
Fax: (314) 241-5554
eholland@allfela.com
scrompton@allfela.com

Attorneys for Plaintiff

/s/ John Sherk (with consent)
John Sherk
**Shook, Hardy & Bacon**
2555 Grand Blvd.
Kansas city, MO 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
jsherk@shb.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on June 25, 2013, the foregoing was served on all parties or their counsel of record through the CM/ECF system.

/s/ Eric D. Holland
Eric D. Holland
R. Seth Crompton
**Holland, Groves, Schneller &
Stolze, LLC.**
300 North Tucker Boulevard,
Suite 801
St. Louis, MO 63101
Tel: (314) 241-8111
Fax: (314) 241-5554
eholland@allfela.com
scrompton@allfela.com
