IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-0086-CV-W-ODS |
| ) | |
| REMINGTON ARMS COMPANY, ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

<u>ORDER SETTING HEARING ON (1) PARTIES' JOINT MOTION FOR CONDITIONAL
CERTIFICATION OF SETTLEMENT CLASSES, PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, APPROVAL OF NOTICE PLAN, APPOINTMENT OF
CLASS ACTION SETTLEMENT ADMINISTRATOR, AND APPOINTMENT OF CLASS
COUNSEL AND (2) PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE FIRST
AMENDED CLASS ACTION COMPLAINT</u>

Pending are Parties' Joint Motion for Conditional Certification of Settlement Classes, Preliminary Approval of Class Action Settlement, Approval of Notice Plan, Appointment of Class Action Settlement Administrator, and Appointment of Class Counsel (Doc. # 67), and Plaintiffs' Unopposed Motion for Leave to File First Amended Class Action Complaint (Doc. # 69). The motions will be considered at a Preliminary Approval Hearing. The hearing will be held on February 4, 2015, at 9 a.m. at the United States Courthouse in Kansas City, Missouri.

At the hearing, the parties should be prepared to summarize the salient points of the aforementioned motions and to address the following topics:

1. The Court notes the parties propose two classes for certification – Class A and Class B. Within each class there are subclasses with respect to how benefits are allocated. While it appears there are class representatives to generally cover Class A and Class B, it does not appear that there are class representatives that specifically cover each subclass. Under Class A, the Court is not certain there is a class representative that specifically covers the subclass which includes owners of Model 710, 715 and 770 firearms. Under Class B, the Court is not

certain that there is a class representative that specifically covers those members who replaced their firearm's original Walker trigger mechanism at their own cost with an X-Mark Pro trigger mechanism manufactured from May 1, 2006 to April 9, 2014 and thus would be able to claim a refund. This omission appears significant not only because Rule 23 requires a representative for each subclass, but some subclasses are to receive less (or least different) relief than others.

2. Under Class A, class members receive different benefits based on the model of firearm they own. The Court would like the parties to explain why owners of Model 700, Seven, Sportsman 78 and 673 can choose either to take their firearm to a Remington Authorized Repair Center or to ship their firearm to a Remington Authorized Repair Center, whereas the only option available to owners of Model 710, 715 and 770 firearms is to ship their firearm to a Remington Authorized Repair Center.

3. Under Class A, owners of Model 600, 660, XP-100, 721, 722 and 725 firearms are eligible for vouchers in the amount of either $10.00 or $12.50, depending on the model of firearm they own. The Court would like the parties to explain why owners of some models of firearms will receive $10.00 and why owners of other models of firearms will receive $12.50. The Court also would like the parties to further explain why $10.00 and $12.50 is a sufficient amount of money to provide these class members when they still will own a firearm that may misfire. Finally, pursuant to 28 U.S.C. § 1712, the Court would like the parties to explain whether the described vouchers are actually vouchers or coupons.

4. The Notice Plan is outlined in Section V of the proposed Settlement Agreement. Certain documents including the Long Form Notice and the Claim Forms will be provided on the Settlement Website. The Court notes paragraph 68 of the proposed Settlement Agreement provides, "Remington's and Class Counsel's websites may contain a link titled 'Remington Class Action Settlement.' Clicking on the link will take the user to the Settlement Website." The Court would like the parties to explain why these documents will not be provided on Remington's website. The Court also would like the parties to explain under what

2

Case 4:13-cv-00086-ODS   Document 70   Filed 12/11/14   Page 2 of 3

circumstances Remington's website will or will not contain a link to the Settlement Website.

5. Under Section X.T.120 of the Proposed Settlement Agreement, Remington is "entitled, at its option, and in its sole and absolute good-faith discretion, to cancel the Settlement and rescind its agreement to the Settlement Agreement if a sufficient number of Settlement Class Members excluding themselves from the Settlement reaches a level that, in Remington's judgment, threatens to frustrate the purposes of the Agreement." The Court would like the parties to explain how Remington will determine what a "sufficient" number is.

IT IS SO ORDERED.

DATE: December 11, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT