IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-0086-CV-W-ODS |
| | ) |
| REMINGTON ARMS COMPANY, | ) |
| LLC, et al., | ) |
| | ) |
| Defendants. | ) |

<u>ORDER (1) DEFERRING CONSIDERATION OF JOINT MOTION FOR SETTLEMENT APPROVAL AND MOTION FOR ATTORNEY FEES, (2) CANCELLING FINAL APPROVAL HEARING, AND (3) DIRECTING PARTIES TO PROVIDE SUPPLEMENTAL BRIEFING</u>

A Final Settlement Approval Hearing ("Hearing") is scheduled in this matter for 1 p.m. on December 14, 2015, and the parties' Joint Motion for Settlement Approval and Plaintiffs' Motion for Attorney Fees are pending. Doc. #91, Doc. #93. For the following reasons, the Hearing is cancelled, and consideration of the pending motions is deferred. The Hearing will be rescheduled at a later date.

First, and of most importance to the Court, is the low number of claim forms that have been completed. The parties assert that as of August 14, 2015, only 2,327 claims have been submitted and that the Class Action Settlement Administrator has handled 5,390 calls. Doc. #92, page 27. The parties also assert that the class included between 7.5 and 7.8 million firearms. Doc. #92-9, ¶ 8, Doc. #92-13, page 13. The Court appreciates that an individual may own more than one firearm. Nonetheless, only 2,327 claim forms have been completed out of potentially several million firearm owners. Even under conservative calculations, this response rate is quite low. The Court cannot conceive that an owner of an allegedly defective firearm would not seek the remedy being provided pursuant to this Settlement Agreement. Thus, this low response rate demonstrates the notice process has not been effective. The parties are ordered to develop a notice plan, for the Court's review, that will be effective and result in a more significant response rate.

Second, Objector Terry Pennington argues that paragraphs 101 and 102 of the Settlement Agreement function as a waiver of personal injury claims. Doc. #96, page 2. It has been the Court's understanding that this Settlement Agreement only covered claims such as economic loss; that it does not operate as a release of any personal injury or property damage claims. The Court orders the parties to address whether these sections of the Settlement Agreement do, in fact, release Defendants from personal injury and property damage claims. The Court would have concerns if they do.

Third, Objector Rodney Townsend ("Townsend") maintains that the merits of Settlement Class B's case are strong. Doc. #98-1, pages 5-9. Specifically, Townsend argues that various state consumer protection laws provide remedies for Settlement Class B members. Townsend notes the statutes of limitations for these claims have not expired for Settlement Class B members, whereas the statutes of limitations have expired for most Settlement Class A members. Townsend also observes that under many of these state laws, Settlement Class B members would be entitled to punitive damages, attorneys' fees, and costs. The Court does not expect the parties to provide a survey of all 50 states' consumer protection laws. However, Townsend specifically cited the consumer protection laws in Texas, Florida, and Missouri.[1] Accordingly, the Court directs the parties to address the strengths and weaknesses of Settlement Class B members' claims under these states' consumer protection laws.

The parties shall submit their supplemental briefing to the Court on or before January 15, 2016.

IT IS SO ORDERED.

DATE: December 8, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court also notes Plaintiffs have asserted a claim pursuant to the Missouri Merchandising Practices Act (Count I). Doc. #90, page 32.