## SHOOK
HARDY & BACON

| | | | |
|---|---|---|---|
| **TO** <br> Hon. Ortrie D. Smith | **TELEPHONE** <br> 816-512-5645 | **FAX** <br> 816-512-5658 | John K. Sherk III |
| **FROM** <br> John K. Sherk III | **IT #** <br> H36 | **MATTER #** <br> RMAR.182531 | 2555 Grand Blvd. <br> dd 816.559.2355 <br> t 816.474.6550 |
| **PAGES TRANSMITTED** <br> 4 <br> Original Document Will Not Follow | **DATE** <br> February 16, 2016 | | f 816.421.5547 <br> jsherk@shb.com@shb.com |

If you experience any problems, please call 816.474.6550 extension 23542.

**Comments:**

Please see attached correspondence.



CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

**Confidentiality Notice:** The documents accompanying this telecopy transmission contain confidential information belonging to the sender which is legally privileged. The information is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us.

*The principal place of business of the partnership is at 2555 Grand Blvd., Kansas City, Missouri. A list of the partners' names and the names of all other attorneys, along with their qualifications, is open to inspection during office hours at such offices and at the London office above.*



February 16, 2016

John K. Sherk III

**BY FACSIMILE**

Hon. Ortrie D. Smith
400 E. 9th Street
Kansas City, Missouri 64106
(t) 816-512-5645
(f) 816-512-5658

2555 Grand Blvd.
Kansas City, Missouri
64108-2613
t 816.474.6550
f 816.421.5547

Re: *Ian Pollard, et. al. v. Remington Arms Company, LLC, et. al.*,
Case No. 4:13-86

Dear Judge Smith:

Pursuant to Local Rule 37.1, I write on behalf of Plaintiffs and Defendants in the above-captioned case. We are jointly responding to Objector Townsend's request to propound discovery on the parties regarding the settlement process and to the Court's February 4, 2016 Order (Doc. #118).

In his letter to the Court, Objector Townsend requested: (1) a list of claims made and dates of said claims by members of the XMP sub-class; (2) a list of claims made and dates of such claims by members of the Trigger Connector sub-class; (3) a chronological list with number of inquiries made by all class members including breakdown by sub-class, if available; (4) documentation of the total amount of funds authorized and spent on all notice efforts by the claims administrator with a breakdown as to how such funds have been expended; (5) a list of the number of Model 700s returned each month pursuant to the XMP recall; (6) documentation as to the amount expended by Remington to provide notice of the XMP recall including a breakdown of how such funds have been expended; and (7) documentation as to the total cost of the XMP recall as well as the cost of repair per rifle returned pursuant to the recall. Each of these requests should be rejected.

Objectors "do not have an absolute right to discovery," but "the Court may in its discretion allow discovery if it will help the Court determine whether the settlement is fair, reasonable, and adequate." *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24, 26 (D.D.C. 2001). "The fundamental question is whether the district judge has sufficient facts before him to intelligently approve or disapprove the settlement." *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 619-20 (S.D. Cal. 2005). To make the determination as to whether to allow objector discovery, courts look at three factors: (1) is there a "reasonable basis for the evidentiary requests;" (2) "the nature and amount of previous discovery;" and (3) "number and interests of objectors." *In re Lorazepam*, 205

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

Case 4:13-cv-00086-ODS Document 120 Filed 02/18/16 Page 2 of 4

SHOOK
HARDY & BACON

F.R.D. at 27 (quoting 2 Herbert B. Newberg, Newberg on Class Actions § 11.56 at 476 (2d ed. 1985)). Mr. Townsend has not even tried to meet his burden on these factors, citing to no case law in support of his position. Regardless, all three of the relevant factors weigh against the discovery he seeks.

February 16, 2016
Page 2

As the Court noted in its Order (Doc. #118), the fundamental question on objector discovery is why the requested information is necessary to evaluate the settlement. "[T]he sole purpose of any settlement-related discovery is to ensure the Court has sufficient information before it to enable the Court to determine whether to approve the Settlement." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1337 (S.D. Fla. 2011); *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 120 (2d Cir. 2005) (internal quotation and citation omitted) (stating that the fundamental question on whether to allow objector discovery is "whether or not the District Court had before it sufficient facts intelligently to approve the settlement offer").

In contrast to this clearly enunciated standard, Objector Townsend only states that the information sought is "highly relevant to the proceedings" but does not assert a single fact or even make an argument that the Court currently has insufficient information to evaluate the settlement. Here the parties have provided the Court with extensive briefing on the settlement and its adequacy. While the Court has identified certain discrete areas with respect to which it required additional information, the Parties are presently compiling the necessary information for the Court and working on additional notice methods consistent with the Court's requests. Additional discovery is unnecessary when the submissions of the parties will provide a court with "a sufficient and reasonable basis" to evaluate the settlement. *In re Lorazepam*, 205 F.R.D. at 27; *Hemphill*, 225 F.R.D. at 625 (holding that discovery on settlement notice was unnecessary because the parties provided sufficient evidence to allow the court to evaluate settlement notice). Objector Townsend has not met his burden of showing that the Court currently has insufficient information on which to base its determination and his request should therefore be denied.

On the second factor, the nature and amount of previous discovery, Objector Townsend has not shown that the additional discovery he now seeks is needed given the large amount of documents produced in discovery and information available to the parties in crafting the settlement. "Where the evidence submitted in support of the settlement is the result of truly adversarial proceedings and where the comprehensiveness of the records developed by the proponents increases, the objector has a greater burden to show the necessity of additional evidence." *Hemphill*, 225 F.R.D. at 620 (internal quotation omitted). Here the settlement briefing demonstrates that the case has been hard fought, with extensive document review and expert analysis by both parties, which helped shape the appropriate relief to the class. Further, the parties have in

CHICAGO | DENVER | HOUSTON | KANSAS CITY | LONDON | MIAMI | ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | TAMPA | WASHINGTON, D.C.

Case 4:13-cv-00086-ODS Document 120 Filed 02/18/16 Page 3 of 4

| SHOOK |
| HARDY & BACON |

February 16, 2016
Page 3

unprecedented fashion made a trove of previously confidential documents publically available.

Additionally, "objectors are not entitled to discovery concerning settlement negotiations between the parties in the absence of evidence indicating that there was collusion between plaintiffs and defendants in the negotiating process." *In re Lorazepam*, 205 F.R.D. at 28. Because there is no question here that the settlement is the product of an extensive, vigorous, and continuing arm's length bargaining process between the parties, Objector Townsend cannot justify the discovery he now seeks regarding the settlement negotiations.

The third factor, the number and interests of objectors, should also weigh heavily against allowing Objector Townsend to engage in discovery that may slow down the settlement process and delay retrofitting class members' rifles. There have only been three objections. And as noted in previous submissions, there are also ample reasons to question the motives of Objector Townsend and his attorney. (Doc. #108, at 6-7). Because "the objectors represent only a small percentage of the class," the Court should deny the discovery request and "give great weight to the interests of the majority of the class members" who are not objecting or seeking to draw out the proceeding with discovery. *Hemphill*, Inc., 225 F.R.D. at 620.

The above analysis of the law makes clear Objector Townsend is not entitled to any discovery. Of course, the parties are willing to provide the Court with any information that the Court would find helpful.

Best regards,

John K. Sherk