# THE CHAFFIN LAW FIRM
*A Professional Corporation*

ROBERT A. CHAFFIN

NICHOLAS A. HOMAN
*Licensed in Texas and California*

ANGELA ARANGO-CHAFFIN
*Licensed in Florida*
*Of Counsel*

PAUL R. MILLER
*Licensed in Texas and Louisiana*
*Of Counsel*

February 23, 2016

Honorable Ortie Smith
United States District Judge
Western District of Missouri

BY FAX 816-5125658

Re: Case No. 13-86
Ian Pollard et al v. Remington Arms Company, LLC et al

Dear Judge Pollard:

On February 16, 2016, Class Counsel and Remington filed a joint response to Objector Rodney Townsend's request for limited discovery. Rather than embrace simple disclosures that would give greater transparency such that everyone could better evaluate the proposed settlement, both Class Counsel and Remington argue that the requested discovery is unnecessary and should be denied. The relevance and importance of each class of discovery requested by Objector is addressed below.

Obviously the notice given to the class is insufficient inasmuch as only 2,300 out of 7,500,000 potential class members had bothered to make any sort of claim as of the date of the last disclosure. Objector has requested that details of the notice procedure be disclosed such as the amount expended on notice efforts by the class and the response from each proposed sub class. Class Counsel has proposed without objection from Remington a $12,500,000 fee and expense payment yet both oppose disclosing how much has been spent to provide notice to the class. Is it not relevant in a situation where response to the notice/settlement has been beyond dismal to compare the amount allocated to notifying the class as opposed to the amount being paid to class counsel? Should not the effort to provide notice to the class be allocated at least as much as the proposed compensation to Class Counsel? Should Remington be allowed to go forth with an obviously inadequate notice and in the process receive a release from over 1,200,000 XMP sub class members many of whom will never even know of the settlement? What could possibly be a legitimate reason for both Class Counsel and Remington to resist disclosing this most basic information?

Objector also seeks disclosure of the amounts and allocation of funds expended by Remington on the 2014 notice of recall utilized by Remington in the XMP recall. This recall resulted in the return of somewhere in the neighborhood of 200,000 out of 1,200,000 XMP rifles. Providing the cost of notice for the original recall as well as disclosure of the allocation of usage for such funds will allow the court and class members to compare efforts and results of the recall campaign versus the class settlement campaign. Likewise, disclosure of the amounts spent by Remington on the 2014 recall including the cost per rifle of actual retrofitting the rifles will allow the court and class members to determine the actual cost to Remington of the proposed settlement

Honorable Ortie Smith
February 23, 2016
Page Two

as compared to the potential exposure of Remington from continued exposure to claims of XMP owners. This is simple data to provide and highly relevant to evaluating the effectiveness and fairness of the proposed settlement. In addition, this information will potentially provide a basis for amending the settlement and notice to produce a more equitable result.

Class Counsel and Remington hurl stones at Objector and his counsel while insisting as a major tenet to their resistance to any Objector discovery that there has been no collusion in the settlement process. It is far from clear to Objector and his counsel that such is the case. Remington has implicitly if not expressly agreed to fund $12,500,000 in fees and expenses payable to Class Counsel in exchange for a broad based release of millions of potential claims such that an outside look at the elements of this transaction would be in order.

At some point in 2013 the basic terms of a settlement appear to have been reached between Remington and Class Counsel including the exchange of XMP trigger assemblies for Walker/Connector trigger assemblies in older M700 rifles. Not a bad idea on its face. At this point in time what is now known as the XMP Sub Class had not even been dreamed of by Class Counsel much less included in the lawsuit. However, in early 2014 as the result of well documented problems, including the death of a 16 year old girl caused by an XMP malfunction, it became apparent to Remington that the XMP trigger assembly was dangerously defective because of contamination in the trigger assembly caused by a glue like substance and could not be used as a replacement for the Walker trigger assembly as currently designed and manufactured. Remington then had a major problem with the proposed settlement since it certainly did not wish to have a M700 class action settlement for the older M700 rifles only to be faced in the immediate future with class action claims from M700 XMP owners who would not have to face limitations problems as did owners of the older M700. Class Counsel likewise had a major problem in that they certainly could not endorse a settlement calling for exchange of one obviously defective trigger assembly for another. The solution for Remington was to require Class Counsel to amend the existing class action to include XMP M700 owners as well as the older Walker/Connector M700 owners. The solution for Class Counsel was to agree to include the XMP owners at no extra charge to Remington in exchange for Remington's agreement to pay out $12,500,000 in fees to Class Counsel. Members of the XMP Sub Class would receive nothing beyond what had already been offered by Remington yet Remington would receive a release from over 1,000,000 potential claimants and Class Counsel would receive $12,500,000. A good deal for Class Counsel and Remington but not so good for the 1,200,000 members of the XMP Sub Class.

In summary, discovery sought by the Objector is highly relevant and not at all burdensome or oppressive to either Class Counsel or Remington. Objector would urge His Honor to grant the discovery requested such that Objector on behalf of the entire class will be better prepared to present argument at any future hearing.

Sincerely,

THE CHAFFIN LAW FIRM

Robert A. Chaffin

Robert A. Chaffin