IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-0086-CV-W-ODS |
| | ) |
| REMINGTON ARMS COMPANY, | ) |
| LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING REQUEST FOR DISCOVERY

On February 4, 2016, the Court issued an Order, and therein, stated that "[t]o the extent Objector Rodney Townsend ("Objector") seeks discovery from Plaintiffs and Defendants, Objector shall file its request with the Court explaining (1) what discovery Objector seeks and (2) for what purpose Objector seeks it. After the receipt of Objector's request, Plaintiffs and Defendants shall have five days to oppose or otherwise respond to Objector's request." Doc. #118. On February 9, 2016, Objector maintains it faxed a Request for Discovery to the Court, though the Court did not receive the Request until February 17, 2016. Doc. #119. On February 16, 2016, Plaintiffs and Defendants submitted a Joint Response to Objector's Request for Discovery. Doc. #120. On February 23, 2016, Objector filed a Reply to the Joint Response, despite the fact the Court's February 4 Order did not contemplate a Reply, nor did Objector seek leave from the Court to file a Reply. Doc. #121.

### I. LEGAL STANDARD

Objectors to a class action settlement do not have an absolute right to discovery. *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 316 (3d Cir. 2005); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 24 (D.D.C. 2001). "The Court may in its discretion allow discovery if it will help the Court determine whether the settlement is fair, reasonable, and adequate." *In re Lorazepam*, 205 F.R.D. at 26. "The fundamental question is whether the district judge has sufficient facts before him to intelligently

approve or disapprove the settlement." *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 619-20 (S.D. Ca. 2005); *Keepseagle v. Vilsack*, 102 F. Supp. 3d 205, 220 (D.D.C. 2015). "The criteria relevant to the court's decision of whether or not to permit discovery are the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *In re Cmty. Bank of N. Virginia*, 418 F.3d at 316 (internal quotations and citations omitted). "Of the factors to be considered, the reasonable basis of the movants' discovery requests presents the primary issue for consideration…" *In re Lorazepam*, 205 F.R.D. at 27.

## II. DISCUSSION

### A. Nature and Amount of Previous Discovery

The Court anticipates that it will have sufficient information before it "to enable the Court to determine whether to approve the Settlement." *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1337 (S.D. Fla. 2011). The parties have submitted hundreds of pages of briefing and exhibits, and will be submitting supplemental briefing on several issues the Court identified in its December 8, 2015 Order Deferring Consideration of Joint Motion for Settlement Approval. Doc. #112. Moreover, Plaintiffs' attorneys maintain they have reviewed well over 1,000,000 documents in connection with this lawsuit. Doc. #92-11, ¶ 11. Finally, Remington asserts it has made a large number of previously confidential documents publicly available. Thus, "there is no question that there is an extensive record in this litigation." *Hemphill*, 225 F.R.D. at 620.

### B. Number and Interests of Objectors

The number and interests of the objectors weighs against granting Objector's discovery requests. There are only three objectors. Objector Townsend is the only objector seeking discovery and is doing so only on his own behalf. Perhaps only three class members are objecting and only one objector is seeking discovery because Class Notice has, thus far, been ineffective. Regardless, at this juncture, there is not a sufficient number of objectors or a sufficient number of objectors seeking discovery from the parties to persuade the Court to grant Objector's discovery requests.

The parties also suggest the motives of Objector and his attorney are questionable. The Court does not express an opinion on the matter at this time. Rather, the Court is more concerned with the substance of Objector's objections. Thus, this consideration does not weigh for or against granting Objector's discovery request.

### C. Reasonable Basis for Evidentiary Requests

*1. Discovery Sought From Class Counsel*

Objector requests discovery on a variety of matters. First, Objector seeks discovery from Class Counsel regarding: (1) a list of claims made and dates of said claims by members of the XMP sub class and by members of the Trigger Connector sub class, (2) a chronological list of all claims inquiries made by class members, broken down by subclass, and (3) information about the amount of funds authorized and spent on Class Notice, broken down by how these funds have been spent.[1]

To the extent Objector seeks this discovery to determine the sufficiency of Class Notice, the Court finds that the sought-after discovery provides little, if any, helpful information in determining whether Class Notice is sufficient. The dates claims were made and the chronological order in which they were made have no bearing on whether Class Notice was sufficient. Similarly, the total amount of money expended and the manner in which it was expended does not determine the sufficiency of Class Notice. Objector questions whether Remington should be permitted "to go forth with an obviously inadequate notice," but Objector appears to overlook the fact that the parties are currently formulating a new Notice Plan pursuant to the Court's December 8, 2015 Order. Doc. #112, Doc. #114.

To the extent Objector seeks discovery regarding the amount of money spent on Class Notice to determine the propriety of Class Counsels' requested attorneys' fees, the Court finds the requested discovery is not necessary. In determining whether to award attorneys fees, courts look at a variety of factors including, "the size of the fund

---

[1] Objector also seeks discovery, suggesting the parties have colluded under the proposed settlement agreement. Objector argues collusion is evident because Remington has agreed to pay Class Counsels' $12.5 million attorneys' fees in exchange for a release of the claims at issue in this lawsuit. These bare bone facts, without more, do not suggest collusion.

and number of persons benefitted, the small number of objections by Settlement Class Members, the skill of the attorneys involved, the complexity and duration of litigation, and the risk of nonpayment." *In re Bisphenol-A Polycarbonate Plastics Products Liability Litig.*, No. 08-1967, 2011 WL 1790603, at *10 (W.D. Mo. May 10, 2011). Courts also consider "the number of hours spent in various legal activities by the individual attorneys, the reasonable hourly rate for the individual attorneys, the contingent nature of success, and the quality of the attorneys' work." *Grunin v. International House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975). While a court has discretion as to which factors to consider, the amount of money spent on Class Notice has no relationship to the reasonableness of Class Counsels' fee request.

*2. Discovery Sought From Defendant Remington Arms Company, LLC*

Second, Objector seeks discovery from Defendant Remington Arms Company, LLC ("Remington") regarding: (1) a list of the XMP M700's returned each month under the original recall, (2) information regarding the amount of funds Remington has spent to provide notice of the original recall, broken down by how these funds have been spent, and (3) information about the total cost of the original XMP recall and the cost of repair per rifle returned under the original recall.

To the extent Objector seeks this discovery to determine the sufficiency of Class Notice, the Court finds the requested discovery provides little, if any, helpful information on the issue. Whether a previous notice campaign was effective has no bearing on whether a completely different notice campaign is effective. The Court is not interested in a previous notice campaign's effectiveness. Rather, the Court is interested in the Notice Plan associated with the proposed settlement agreement before it. Moreover, as previously discussed, the parties are currently creating a new Notice Plan.

To the extent Objector seeks this discovery to evaluate whether the XMP subclass receives sufficient relief under the proposed settlement agreement, the Court finds that the requested discovery provides minimal information on this topic. Objector argues the proposed settlement agreement does not provide relief to the XMP subclass because the members of that subclass already had the right to exchange their old XMP trigger for a new XMP trigger pursuant to the voluntary recall. In essence, Objector

argues the proposed settlement agreement is providing them with a benefit they already had.

As a preliminary matter, the recall was *voluntary*, and thus, the Court is not convinced that Objector's characterization that XMP subclass members had a "right" to a new XMP trigger is accurate. Further, what Remington did or did not spend on rifle repairs under the voluntary recall has little to no bearing on whether the subclass members are receiving the same benefit under the proposed settlement as they did under the voluntary recall. Objector's argument is that the item and/or service class members received under the voluntary recall is the same item and/or service class members are receiving under the proposed settlement agreement. What Remington spent on an item and/or service does not determine whether it is the same item and/or service.

Finally, Objector argues that the cost of repair per rifle under the original recall will help determine fairness and reasonableness of the proposed settlement agreement because the actual cost of the proposed settlement to Remington can be compared against Remington's potential exposure to subclass members' claims. The Court is not persuaded. The parties already have represented to the Court that the most Remington has ever charged for an XMP installation is $119. Doc. #92, page 22.

### III. CONCLUSION

In sum, Objector's Request for Discovery is denied. Doc. #119.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 24, 2016    UNITED STATES DISTRICT COURT