# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:13-CV-00086-ODS ) |
| REMINGTON ARMS COMPANY, LLC, et al. | ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF STEVEN WEISBROT

I, Steven Weisbrot, hereby declare as follows:

1. I submit this declaration for the purpose of providing the Court with information regarding the design and implementation of the Due Process legal notification campaign in this case and to discuss the proposed additional notice program that the parties are presenting to the Court.

2. I am Executive Vice President of Notice & Strategy at the class action notice and claims administration firm, Angeion Group, LLC ("Angeion"). Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, a nationally recognized class action notice and settlement administrator. I have been responsible in whole or in part for the design and implementation of hundreds of class action administration plans and have taught Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Class Action Notice Programs, as well as Class Action Claims Administration, generally. Additionally, I am the author of numerous articles on Class Action Notice, Claims Administration, Using Internet Notice in Reaching Unknown Class Members and Notice Design, in publications such as

Bloomberg, BNA Class Action Litigation Report, Law360, The American Bar Association's Class Action Newsletter, and various law firm blogs.

3. My work comprises a wide range of class actions that includes product defect, false advertising, employment, antitrust, tobacco, banking, insurance, and bankruptcy cases.

4. Digital and social media, as well as big data and advanced targeting has been instrumental in class action notice programs that I have prepared and are being used with increasing frequency in all types of class actions. For example, the Honorable Sarah Vance stated in her December 31, 2014 Order in ***In Re: Pool Products Distribution Market Antitrust Litigation* MDL No. 2328:**

*To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web-based forms of communication in the plan....The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process.*

*The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement.*

*Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.*

5. As detailed below, courts have repeatedly recognized my work in the design of class action notice programs:

(a) For example, on May 12, 2016 in his Order granting preliminary approval of the settlement in ***In Re Whirlpool Corp. Front Loading Washer Products Liability Litigation* (MDL No. 2001),** The Honorable Christopher A. Boyko stated:

*The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.*

2

(b) *Sateriale, et al. v R.J. Reynolds Tobacco Co.*, **Case No. CV 09 08394 CAS**

Honorable Christina A. Snyder (May 3, 2016) *The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.*

(c) *Ferrera et al. v. Snyder's-Lance, Inc.*, **Case No. 0:13-cv-62496.**

Honorable Joan A. Lenard *(*February 12, 2016) *The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.*

6. In forming my expert opinion here, I and my staff draw from our in-depth class action notice and claims administration case experience as well as our work in related fields.

## **BACKGROUND**

7. On April 14, 2015, in its Order Preliminarily Approving the Class Action Settlement Agreement, the Court appointed Angeion Group as the settlement Claims Administrator. This Court also approved the proposed notice forms and the plan of Notice, finding that*:*

*"The Notice Plan methodologies (a) protect the interests of the named Plaintiffs, the Settlement Classes, and Defendants, (b) are the best notices practicable under the circumstances, and (c) are reasonably calculated to apprise the Settlement Classes of the proposed Settlement, the Agreement, and their right to opt out and exclude themselves from or object to the proposed Settlement. In addition, the Court finds that the notice methodologies are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meet all applicable requirements of law, including, but not limited to, Fed R. Civ. P. 23 and the Due Process Clause of the Fourteenth Amendment of the United States Constitution."*

8. With the Court's approval, we implemented each element of the Due Process Notice Plan and provided a declaration outlining the work that we performed to this Court.

9. On December 8, 2015 this court issued an Order requiring the parties to provide additional notice, stating they were to "…develop a notice plan, for the Court's review, that will be effective and result in a more significant response rate."

10. This declaration will summarize the previously approved Due Process notice as well as the Additional Notice that parties propose to comply with this Court's December 8, 2015 Oder, which I believe will be effective.

**SUMMARY OF THE DUE PROCESS NOTICE APPROVED BY THIS COURT**

11. Angeion Group designed and this Court approved, a notice program that exceeded other similar effective court-approved notice programs. Specifically, the notice program delivered a 73.7% reach with 2.96 average frequency, via publication in well-known consumer magazines targeted towards potential class member and the use of highly targeted internet banner ads.

12. According to the *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* ("The Checklist"): *"The lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%."* The checklist further cautions Judges to confirm that the reach calculations based on accepted methodology.

13. Here, to verify the notice program's effectiveness, our media team analyzed syndicated research data from GFK MRI, which was previously outlined to this court in detail. GFK MRI data is used by advertising agencies and other communications professionals in order to understand the socio-economic characteristics, interests and practices of a target group and

4

aids in the proper selection of media to reach that target. It is also instrumental in allowing the court to review the estimated net reach and average frequency of a particular program and is precisely the type of accepted methodology that the Checklist cautions should be used in class action notice programs.

## PUBLICATION NOTICE

14. Based on the GFK MRI data analysis, the parties placed a half page notice, substantially in the form attached as Ex. C to the Parties' Settlement Agreement, in each of the following titles:

| Publication | Date of Publication | Circulation |
|---|---|---|
| Parade Magazine | May 17, 2015 | 22,000,000 |
| Athlon Sports | May 17, 2015 | 9,263,338 |
| Field & Stream | June 16, 2015 | 1,254,256 |
| Guns & Ammo | July 7, 2015 | 414,670 |
| American Hunter | June 15, 2015 | 899,253 |
| American Rifleman | June 15, 2015 | 2,238,735 |

## INTERNET BANNER AND SOCIAL MEDIA NOTICE

15. In addition to the consumer magazine publications noted above, Angeion utilized digital media to aid in delivering notice to the class members. In forming this recommendation, we utilized the online research tool, comScore, which, like MRI is routinely used by media planners and advertising agencies to purchase media—in this case, internet banner ads.

## INTERNET BANNER NOTICE

16. Beginning on June 1, 2015, we instituted a 4-week campaign, utilizing standard IAB sizes (160x600, 300x250, 728x90) targeted contextually, behaviorally and by keyword to reach the class member herein. The banner ads delivered 38,844,449 impressions.

## INDIVIDUAL NOTICE

17.     The individual notice effort in this matter consisted of mailing Direct Notices, by U.S. Mail, proper postage prepaid, to each member of the Settlement Class identified by the Parties through reasonable efforts, including all Settlement Class Members who paid Remington to replace the Walker trigger mechanism in their Model 700 or Model Seven rifles with an X-Mark Pro trigger mechanism, as identified by Remington's records.

## JOINT PRESS RELEASE

18.     On June 26, 2015, to further broaden reach amongst the unknown class members, an informational national press release, containing a toll-free number, case website address and other pertinent information was prepared and distributed to national press outlets including those in the affected states, as well as to websites, forums and blogs with information and news offerings. Although not part of the formal Notice Plan, the Settlement was widely reported in both national and local news media, further alerting Settlement Class Members of the Settlement Agreement. The press release can be viewed here http://www.prnewswire.com/news-releases/310068821.html As of the date of this declaration the Press Release has appeared on at least 225 websites and reached a potential total audience of 21,972,00.

## REACH AND FREQUENCY

19. The reach of the target audience and the number of exposure opportunities complies with due process and exceeds the Federal Judicial Center's threshold as to reasonableness in notification programs designed to reach unidentified class members. Therefore, it remains my opinion that the Notice Program is fully compliant with Rule 23 of the Federal Rules of Civil Procedure. Specifically, the notice program delivered and approximate reach percentage of 73.7% with an average frequency of 2.91 times each.

20. In class action notice planning and implementation in cases such as this one, which arises in the context of Due Process Notice, we are guided by due process considerations under the United States Constitution, as well as any applicable case law or procedural rules pertaining to notice. This background ensures that that the notice program reaches the greatest practicable number of potential Class Members and that the notice itself ensures that the class members understand their rights and options under the settlement and can make an informed decision as to how they would like to proceed. All of these requirements were met in the instant case.

21. In my expert opinion, the dissemination of the Direct Notice, Summary Notice, and Publication Notice was the best notice reasonably practicable under the circumstances.

## ADDITIONAL NOTICE

21. Even after the approval of the Due Process notice, the Checklist is quite clear that when a trial judge has found "…the settlement fair, reasonable, and adequate, but the number of claims is low, (the trial judge) may consider additional notice to the class after final approval."

22. Here, following approval of the Due Process Notice Program, the parties were instructed to "develop a notice plan, for the Court's review, that will be effective and result in a more significant response rate."

23. Ultimately, the parties engaged Signal Interactive Media Group to purchase and implement the digital media and the radio programs. I have reviewed their submission to this court and I am confident that they are utilizing appropriate targeting and methodologies to help bolster claims rates in this matter.

24. Angeion Group has had the opportunity to review the programs which are sought to be implemented in this case and we are confident that, consistent with this Court's December 31st 2015 Order, the plans in their final format, are likely to collectively increase the number of filed claims in this matter.

## CONCLUSION

26. In my expert opinion, the Due Process Notice Program comported with Federal Rule of Civil Procedure 23 and was the best notice practicable under the circumstance.

27. The Due Process Notice when combined with the Additional Notice encapsulates the guidance for effective notice articulated in the FJC's *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide*, the Manual for Complex Litigation, 4th Edition, and provided, and will continue to provide, members of the Settlement Class the best notice practicable under the circumstances, and is likely to increase claims filing.

_____
STEVEN WEISBROT

8
Case 4:13-cv-00086-ODS   Document 127-4   Filed 06/10/16   Page 8 of 8