UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REMINGTON ARMS COMPANY, LLC, et al.,<br><br>Defendants. | Case No.<br>4:13-cv-00086-ODS |

## DECLARATION OF SARAH PETRIE

I, Sarah Petrie, hereby declare the following information to be true and correct:

1. I am a Legal Analyst in the Consumer Protection Division of the Massachusetts Office of the Attorney General ("AGO"), One Ashburton Place, Boston, MA 02108. I have been employed in this capacity since November 2015. I graduated from Northeastern University School of Law in 2010 and I am licensed to practice law in the Commonwealth of Massachusetts. I have personal knowledge of the matters contained in this declaration and could competently testify thereto if so required.

2. My responsibilities include reviewing information received in this office pursuant to the federal Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. §§ 1332, 1453 and 1711–15 (2005). Under the statute, the defendant(s) in a federal class action must provide certain information to the Attorney General about any proposed settlement that includes a class member that resides in Massachusetts.

    Pursuant to my responsibilities, I have been monitoring the settlement process in this action.

3. Among other things, I engaged in email correspondence with counsel for Remington in the *Pollard* Class Action in order to obtain an estimate of the number of individuals

whose claims might be at issue in this action, broken out by state. Remington is responsible for providing this information pursuant to the CAFA, 28 U.S.C. § 1715(b)(7).

4. Exhibit 1 to this declaration is a true and correct copy of an email I received on November 4, 2016 from John Sherk at Shook, Hardy & Bacon, LLC, one of the counsel for Remington in this action. The email includes estimates of the number of rifles at issue in this settlement by state together with the methodology supporting those estimates.

5. Remington has also produced certain documents to this Office in the course of this Office's ongoing consumer product safety investigation. These documents include a 149-page spreadsheet purporting to represent summaries of each of the consumer-safety related complaints received by Remington from consumers about its firearms in the last four years ("Consumer Complaint Spreadsheet").

6. A true and correct copy of the Consumer Complaint Spreadsheet is attached as Exhibit 2.

7. I have supervised and reviewed a process under which the complaints in the Consumer Complaint Spreadsheet were tabulated. It appears to contain approximately 1,900 reports of unintentional firing for the 11 different types of firearms comprising Settlement Class A and approximately 400 such reports for the two types of firearms comprising Settlement Class B. While these complaints vary in reporting the type of malfunction — including "Fired on Safe Release," "Fired on Bolt Closing," "Unexplained Discharge – No Mention of Safety Position," "Safety not working properly," "Fired on Bolt Opening," and "Fired with safe ON"— they all appear to share the same common complaint: that the firearms discharged without a trigger pull.

8. Remington's Consumer Complaint Spreadsheet suggests that Remington has actual knowledge of these thousands of consumer complaints that its rifles fired without a trigger pull in just the last four years, including those rifles that are the subject of this proposed settlement.

9. Exhibit 3 to this declaration is a true and correct copy of a recall notice I obtained on December 20, 2016, from the Consumer Product Safety Commission's ("CPSC") recall

2

database. The recall notice is for "Mission Archery MXB Crossbow"; Recall Date: June 3, 2014; Recall Number: 14-197.

10. Exhibit 4 to this declaration is a true and correct copy of a recall notice I obtained on January 6, 2017, from the CPSC recall database. The recall notice is for "Polaris RZR Recreational Off-Highway Vehicles", Recall date: April 19, 2016; Recall Number: 16-146.

11. Exhibit 5 to this declaration is a true and correct copy of a recall notice I obtained on January 6, 2017 from the Consumer Product Safety Commission (CPSC's) recall database. The recall notice is for "Sportcraft and Wilson Batting Tees"; Recall Date: April 8, 1993; Recall Number: 93-057.

12. Exhibit 6 is a true and correct copy of a press release dated August 3, 2016, which I obtained on December 20, 2016, from manufacturer Polaris' website. The press release is titled "Polaris Industries Voluntarily Issues a Stop Ride/Stop Sale Advisory for MY2016 RZR Turbo Off-Road Vehicles" and it instructs owners not to ride, and dealers not to sell, the affected snowmobiles, pending a formal recall by Polaris.

13. Many other examples of safety related recall notices are publicly available on a website maintained by the CPSC: (December 20, 2016), https://www.cpsc.gov/About-CPSC.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 17th day of January, 2017.

/s/ Sarah Petrie
Sarah Petrie