# App. B:
# Petrie Decl., Ex. 1

**From:** Sherk, John (SHB) [mailto:JSHERK@shb.com]
**Sent:** Friday, November 04, 2016 2:04 PM
**To:** Petrie, Sarah (AGO) <Sarah.Petrie@MassMail.State.MA.US>; rarsenault@nbalawfirm.com; eholland@allfela.com; EHolland@allfela.com; Crouch, Amy (SHB) <AMCROUCH@shb.com>; 'dwills@smbtrials.com
**Cc:** Klein, Gary (AGO) <Gary.Klein@MassMail.State.MA.US>; Sheldon Jaffe <Sheldon.jaffe@doj.ca.gov>; Beth.Chun@texasattorneygeneral.gov; Lucas J. Tucker <LTucker@ag.nv.gov>; Joyce Yeager <Joyce.Yeager@ago.mo.gov>; Ariel Dreher <Ariel.J.Dreher@doj.state.or.us>; Russell Kent <Russell.Kent@myfloridalegal.com>; Skinner, OH <O.H.Skinner@azag.gov>
**Subject:** RE: NAAG CAFA Group - Pollard v. Remington Arms Co.

Ms. Petrie,

This note responds to your October 27 and November 3 e-mails. As you may know, Remington does not have customer lists because it does not sell to consumers, so it cannot provide you with a list of class members in any state.

Because Remington does not sell to consumers, it also does not know how many covered firearms exist in any given state. However, as you mentioned, Remington did agree to send 93,000 postcards to mailing addresses found in its various internal databases. As stated in our court filings, that list was compiled from multiple sources (customers who signed up for mailing alerts or contacted our customer service lines, for example), is admittedly over-inclusive, and is not targeted to actual customers who own firearms affected by this Settlement—such a targeted list does not exist. Regardless, Remington agreed to send notices to that overbroad group to maximize its chances of reaching as many Settlement Class Members as possible.

While recognizing the 93,000 postcard address list is not targeted to this matter, Remington took the addresses contained on it and divided them by state. It then applied the percentage of addresses in each state to the total population of firearms potentially at issue in this settlement – 7.5 million. The resulting figures are below. Again, I want to reiterate that the below figures do not represent the number of settlement firearms that actually exist in each state, as we have no way of knowing those numbers. However, this is the best estimate we could create based on the information available.

Best regards, John

| AK | 461  | .50%  | 37,500  |
|----|------|-------|---------|
| AL | 1723 | 1.86% | 139,500 |
| AR | 1353 | 1.46% | 109,500 |
| AZ | 1247 | 1.35% | 101,250 |
| CA | 2856 | 3.08% | 231,000 |
| CO | 1505 | 1.62% | 121,500 |
| CT | 375  | .40%  | 30,000  |
| DC | 5    | .005% | 375     |
| DE | 184  | .20%  | 15,000  |
| FL | 2342 | 2.53% | 189,750 |

1

| State | Count | Percent | Amount |
|---|---|---|---|
| GA | 2030 | 2.20% | 165,000 |
| HI | 83 | .09% | 6,750 |
| IA | 1595 | 1.73% | 129,750 |
| ID | 1020 | 1.10% | 82,500 |
| IL | 2619 | 2.83% | 212,250 |
| IN | 1946 | 2.11% | 158,250 |
| KS | 1054 | 1.14% | 85,500 |
| KY | 2097 | 2.30% | 172,500 |
| LA | 1571 | 1.70% | 127,500 |
| MA | 508 | .55% | 41,250 |
| MD | 1123 | 1.22% | 91,500 |
| ME | 542 | .59% | 44,250 |
| MI | 5727 | 6.20% | 465,000 |
| MN | 3866 | 4.18% | 313,500 |
| MO | 2839 | 3.07% | 230,250 |
| MS | 1113 | 1.20% | 90,000 |
| MT | 1226 | 1.33% | 99,750 |
| NC | 2732 | 3.0% | 225,000 |
| ND | 684 | .74% | 55,500 |
| NE | 982 | 1.10% | 82,500 |
| NH | 286 | .31% | 23,250 |
| NJ | 772 | .84% | 63,000 |
| NM | 478 | .52% | 39,000 |
| NV | 478 | .52% | 39,000 |
| NY | 5021 | 5.43% | 407,250 |
| OH | 3429 | 3.71% | 278,250 |
| OK | 1547 | 1.70% | 127,500 |
| OR | 2001 | 2.17% | 162,750 |
| PA | 8464 | 9.16% | 687,000 |
| RI | 76 | .08% | 6,000 |
| SC | 1341 | 1.45% | 108,750 |
| SD | 832 | .90% | 67,500 |
| TN | 2286 | 2.47% | 185,250 |
| TX | 5323 | 5.76% | 432,000 |
| UT | 792 | .86% | 64,500 |
| VA | 2560 | 2.77% | 207,750 |
| VT | 384 | .42% | 31,500 |
| WA | 1706 | 1.85% | 138,750 |
| WI | 5338 | 5.78% | 433,500 |
| WV | 1654 | 1.79% | 134,250 |
| WY | 538 | .58% | 43,500 |
| TOTAL | 92714 | | 7,534,125 |

**John K. Sherk III**
*Partner*
Shook, Hardy & Bacon L.L.P.

2

816.559.2355 | 415.544.1951 | jsherk@shb.com



**From:** Petrie, Sarah (AGO) [mailto:Sarah.Petrie@MassMail.State.MA.US]
**Sent:** Thursday, November 03, 2016 6:32 AM
**To:** Sherk, John (SHB); rarsenault@nbalawfirm.com; eholland@allfela.com; EHolland@allfela.com; Crouch, Amy (SHB); 'dwills@smbtrials.com
**Cc:** Klein, Gary (AGO); Sheldon Jaffe; Beth.Chun@texasattorneygeneral.gov; Lucas J. Tucker; Joyce Yeager; Ariel Dreher; Russell Kent; Skinner, OH
**Subject:** NAAG CAFA Group - Pollard v. Remington Arms Co.

Mr. Sherk,

I'm just following up from my previous email. Do you know when we can expect information regarding the class members? I would appreciate it as I would like to be able to update the group.

Thank you,

Sarah

Sarah Petrie
Consumer Protection Division

Office of Attorney General Maura Healey
One Ashburton Place
Boston, MA 02108
Phone: (617) 963-2525
Sarah.Petrie@state.ma.us

**From:** Petrie, Sarah (AGO)
**Sent:** Thursday, October 27, 2016 11:55 AM
**To:** 'Sherk, John (SHB)' <JSHERK@shb.com>; rarsenault@nbalawfirm.com; eholland@allfela.com; Eric Holland (EHolland@allfela.com) <EHolland@allfela.com>; Crouch, Amy (SHB) <AMCROUCH@shb.com>; 'Dale Wills (dwills@smbtrials.com)' <dwills@smbtrials.com>
**Cc:** Klein, Gary (AGO) <Gary.Klein@MassMail.State.MA.US>; Sheldon Jaffe <Sheldon.jaffe@doj.ca.gov>; 'Beth.Chun@texasattorneygeneral.gov' <Beth.Chun@texasattorneygeneral.gov>; Lucas J. Tucker <LTucker@ag.nv.gov>; Joyce Yeager <Joyce.Yeager@ago.mo.gov>; Ariel Dreher <Ariel.J.Dreher@doj.state.or.us>; Russell Kent <Russell.Kent@myfloridalegal.com>; Skinner, OH <O.H.Skinner@azag.gov>
**Subject:** NAAG CAFA Group - Scheduling a Call re: Pollard v. Remington Arms Co.

Mr. Sherk,

Thank you for your email. I have reviewed the materials you provided. We are requesting a breakdown of the number of class members who reside in each state and the estimated proportionate share of their claims, which have yet to be provided to our offices.

As I mentioned in my initial email, Defendants' December 2014 CAFA notice stated: "it is not feasible to give the names of the class members who reside in each state and the estimated proportionate share of their claims." This, too, falls short of what 28 U.S.C. §1715 requires.

The statute specifically states that the notice to state officials provide: "if feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or, if that is not feasible, a *reasonable estimate* of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement." 28 U.S.C. §1715 (b)(7)(A), (B). In light of the current plan to provide at least some mailed notice, we believe that you may now have information to make significantly enhanced disclosures.

The Defendants December 2014 notice to state officials provided neither, the "names of the class members who reside in each state...", nor a "reasonable estimate", as the statute requires. Nor, does it appear that this information was subsequently provided to state officials. Therefore, we ask that you provide our offices with that information.

Sarah


Sarah Petrie
Consumer Protection Division

Office of Attorney General Maura Healey
One Ashburton Place
Boston, MA 02108
Phone: (617) 963-2525
Sarah.Petrie@state.ma.us