IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| IAN POLLARD, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 4:13-cv-00086-ODS<br>) |
| REMINGTON ARMS COMPANY, LLC, et al. | )<br>) |
| Defendants. | ) |

## ORDER DENYING REQUEST FOR STATUS CONFERENCE

Plaintiffs filed this class action seeking relief in connection with more than seven million firearms.[1] In March 2017, the Court approved the settlement of this class action. Doc. #221. The settlement provided for retrofitted triggers, vouchers, and/or reimbursements for replacing the original trigger mechanism of certain Remington rifles manufactured from 1948 to the present. *Id.* at 30 n.25-27. Objectors Richard Denney and Lewis Frost appealed the Court's decision to the Eighth Circuit Court of Appeals. Doc. #223. In July 2018, the Eighth Circuit affirmed this Court's decision. *Pollard v. Remington Arms Co.*, 896 F.3d 900 (8th Cir. 2018).

On May 22, 2020, Objectors filed a "Submission Regarding Settlement Issues and Request for Status Conference." Doc. #238. They request a status conference to discuss (1) whether claims were impacted by repair centers being closed due to the COVID-19 pandemic; (2) an April 6, 2020 article published on CNBC.com that identified a person whose repaired rifle allegedly firing without the trigger being pulled; and (3) "whether the court will assert jurisdiction over claims, if any, related to defects in the replacement trigger mechanisms." *Id.* at 1-2. Plaintiffs and Defendants, after being directed to do so, responded to Objectors' filing. Docs. #239-41.

---

[1] Plaintiffs' complaint sought relief for "all Model 700, 721, 722, 725, Seven, Sportsman 78, 600, 660, 673, XP-100, 710, 715 and 720 firearms manufactured by Defendants that contain trigger mechanisms utilizing a trigger connector…and all Model 700 and Seven bolt-action rifles containing X-Mark Pro trigger mechanisms that are subject to an April 2014 voluntary recall by Defendants." Doc. #90, ¶ 1.

## Closure of Repair Centers

Objectors suggest "[i]t may be beneficial to analyze the claim/take rate" to ascertain whether repair centers' closures impacted claims in this matter. Doc. #238, at 2. Four of Remington's repair centers were closed temporarily due to the COVID-19 pandemic. Doc. #241, at 3-4. A repair center in New York was closed for roughly six weeks, and three other repair centers were closed for approximately two weeks. *Id.* However, all four repair centers received rifles during the closures. *Id.*

From May 2015 to April 23, 2020, class members could file claims electronically or via mail. *Id.* at 3; Doc. #221, at 22, 27, 31; Doc. #240, at 2. The closed repair centers did not prevent a class member from filing a claim or activating a Federal Express pick-up of his/her firearm to be delivered to a repair center. Doc. #241, at 3-4. The closures only prevented class members from personally delivering their firearms to the repair centers. *Id.* Of course, the relevant states' stay-at-home orders also prevented class members from hand delivering rifles to the repair centers. *Id.* Importantly, only claims had to be filed by the deadline. A class member's rifle did not have to be delivered by April 23, 2020.

## Retrofitted Trigger Allegedly Firing

Next, Objectors "bring[ ] to the court's attention information indicating that the subject rifles continue to fire without a trigger pull despite having undergone the repair (trigger replacement) approved by the court in the settlement." *Id.* at 1. Their sole support for this contention is an April 4, 2020 article published by CNBC.com. *Id.*; Doc. #238-1. According to the article, William Cook, the owner of a Model 700 repaired in 2015, claims his rifle fired when the trigger was not pulled. Doc. #238-1, at 4. CNBC.com states it "reviewed nearly a dozen Remington product service reports documenting similar complaints." *Id.*

According to Defendant, Cook, the individual identified in the article, did not file a claim in this class action settlement, and his rifle was not included in the settlement. Doc. #241, at 2. As part of recall, Cook's rifle was repaired by a third-party facility, and thereafter, allegedly fired without the trigger being pulled. *Id.* Cook then contacted Remington. *Id.* Although Remington could not duplicate Cook's concern, Remington

2

retrofitted Cook's rifle with a new XMP trigger mechanism, and Remington has not heard from Cook since then.  *Id.*  Because Cook is not a member of this class action settlement, Objectors' concern about Cook's trigger replacement is misplaced.  Also, assuming the concern was relevant, Objectors did not timely raise the issue.

## Jurisdiction

Objectors' final concern is whether this Court will assert jurisdiction over any claims related to the replacement of trigger mechanisms.  Setting aside that no such claim has been demonstrated, the Court, when it approved the settlement, specifically stated it "retain[ed] jurisdiction over the parties, including the settlement classes, in matters relating to the administration, consummation, validity, enforcement, and interpretation of the settlement agreement."  Doc. #221, at 40.  If an individual has a claim related to the replacement trigger mechanism, this lawsuit is not the proper avenue for such a claim.  The Court did not retain jurisdiction over such a claim.  In addition, the individual would be presenting a new claim, requiring the filing of a separate lawsuit.

## Conclusion

For all the foregoing reasons, the Court denies Objectors' request for a status conference and any other relief sought in their filing.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 19, 2020        UNITED STATES DISTRICT COURT